UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCKEYE MEDIA, LLC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>LINH NHI,<br><br>    Defendant. | Case No. 5:15-cv-02244-PSG<br><br>**ORDER GRANTING MOTION TO AUTHORIZE ALTERNATE FORM OF SERVICE**<br><br>**(Re:  Docket No. 14)** |

  Plaintiff Sockeye Media, LLC, moves to authorize an alternate form of service, namely email, on Defendant Linh Nhi.[1]  Nhi resides in Vietnam.[2]

  Sockeye produces and uploads videos to YouTube, and alleges that Nhi uploaded copies of Sockeye's videos without permission and infringed on Sockeye's copyrights.[3]  Sockeye asked YouTube to take down Nhi's uploads, YouTube notified Nhi by email and a YouTube communication platform, Nhi contested the takedown, and this lawsuit was born.[4]  Following YouTube's Terms of Service, Nhi provided Sockeye his physical address and email address.[5]  Sockeye tried multiple times to serve Nhi at the address he provided, but the address was not

---

[1] *See* Docket No. 14; Docket No. 24 at 2.

[2] *See* Docket No. 14; Docket No. 24 at 2.

[3] *See* Docket No. 1 at ¶ 11.

[4] *See* Docket No. 24 at 2.

[5] *See id.*

1
Case No. 5:15-cv-02244-PSG
ORDER GRANTING MOTION TO AUTHORIZE ALTERNATE FORM OF SERVICE

valid.[6]  Sockeye now asks the court to authorize service by email on Nhi.

Fed. R. Civ. P. 4(f)(3) permits service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders."  In *Rio Properties, Inc. v. Rio Int'l Interlink*, the Ninth Circuit held that this may encompass service by email, because "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond.  In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance."[7]

The court accordingly GRANTS Sockeye's motion, because service by email is reasonably calculated to provide Nhi both notice of Sockeye's complaint and an opportunity to respond, and is not prohibited by international agreement.  First, the physical address Nhi provided Sockeye is invalid, resulting in the destruction of the package of documents that Sockeye attempted to serve by FedEx and UPS.[8]  While it is not certain that service by email will fare any better, there is no indication yet that Nhi's email address is invalid.[9]  Second, Vietnam has not signed or ratified the Hague Convention, and therefore cannot and has not exercised any rights under the Convention to object to service by email.[10]

**SO ORDERED.**

Dated: December 1, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[6] *See* Docket No. 14 at 1-2; Docket No. 24 at 2.

[7] 284 F.3d 1007, 1017 (9th Cir. 2002).

[8] *See* Docket No. 14 at 1.

[9] *See id.* at 1-2 (stating that Sockeye emailed Nhi, with no allegation that the email bounced).

[10] *See* Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Feb. 11, 1969, *available at* http://www.hcch.net/index_en.php?act=conventions.status&cid=17.